## RICE *a.* WHITLOCK.

*New York Common Pleas; General Term, June,* 1862.

### FILING BOND WITH CLERK.—DELIVERY.

An order requiring a bond to be executed by one party in an action, to another, is sufficiently complied with by filing the bond, when·duly made, with the clerk of the court by which the order was made.

It is the practice of the New York Common Pleas to require bonds, exacted as the condition of granting a favor, to be filed with the clerk.

Appeal from an order denying an application for a stay of proceedings.

This action was brought by Henry G. Rice and others against Augustus Whitlock, upon an undertaking executed by the defendant as surety in an action between the present plaintiffs and one Isham, as defendant, on an appeal taken therein from the special to the general term of this court.

The judgment was affirmed at the general term, and from that affirmance an appeal (before the commencement of this action) had been taken to the Court of Appeals by Isham, and the usual undertaking to stay proceedings, under sections 334 and 335 of the Code, was filed and served. Upon the call of the case for trial, the defendant's counsel appeared and objected to proceeding to trial, showing the following facts: That immediately after the commencement of this action, the defendant moved at special term for a stay of proceedings in this action until the decision of the case in the Court of Appeals; that the motion was granted unless the plaintiff should, within ten days, execute a bond, with two sureties, to the defendant, conditioned

to return the money that should be collected in this action, in case the said judgment should be reversed in the Court of Appeals; that on the tenth day plaintiff's attorney served a copy of a bond, under and pursuant to the requirements of the order, with a notice that the original was filed with the clerk of this court. The defendant's attorney thereupon objected, in writing, that such filing was not a good delivery of the bond, and demanded that the original bond be delivered on that or the following day; and that the plaintiff's attorneys refused to do so.

The defendant's counsel then insisted that the bond in question was ineffectual, as it was, by the order, required to be " executed" (which included a legal delivery), there being no provision in the order, or by the court, or by statute, or at common law, for filing it; that the filing or leaving it with the clerk, was in fact leaving it with a stranger; that it did not even amount to a delivery in *escrow*, and that the non-delivery thereof could be taken advantage of by the sureties, in case an action should be brought upon it against them.

The court decided that the delivery was complete by the filing, and ordered the trial to proceed.

From such order the defendant appealed to the general term.

*Isaiah T. Williams*, for the appellant.—I. The law does not recognize the execution of such a bond as this in any case. Neither a court nor a judge require it, or had power to require it. The court had a discretion to stay or not—to stay proceedings in a suit pending in this court. It required a stay, unless the plaintiffs should elect to execute a bond.

II. But the bond does not refer to any suit pending in this court, but to a suit pending in the Court of Appeals. If a clerk of the court in which the action is pending, or to which the bond chiefly refers, is the legal custodian of the bond, then it should have been filed with the clerk of the Court of Appeals.

III. The defeating portion of the order was not complied with; no bond was " executed" within the ten days therein prescribed, and therefore the order became an absolute stay of the plaintiff's proceedings. (Burr. Law Dic., art. " Deed ;" Jackson *a.* Phipps, 12 *Johns.*, 418 ; Burr. Law Dic., art. " Bond ;" 6 Gray, 124; 11 *Ind.*, 92; 19 *Ill.*, 631, 34; *N. H.*, 460; 2 *Will* (28 *Vt.*), 228; 4 *Wisc.*, 537; 20 *Barb.*, 332; 26 *Mass.* (4 *Cush.*),

275; 2 *Har. & J.*, 108, and *note;* 10 *Mass.*, 456; 12 *Ib.*, 456; 10 *How. Pr.*, 344; 2 *Sneed (Ten.)*, 164; 7 *Peck.*, 91; 3 *Dev.*, 291.)

*Martin & Smith,* for the respondents.

By the Court.*—Hilton, J.—It has been the uniform practice of the court, where relief or a favor is granted to a party upon condition that he give a bond as security against any injurious consequences which may happen to his opponent arising from the granting of the favor or relief, to require the written security to be placed in the custody of the clerk of the court, regarding it as a paper in the cause properly belonging to the files of the court, until the contingency shall arise which it was intended to secure against.

In accordance with this practice, the judge at the trial very properly held that the plaintiff, by filing the bond in question with the clerk, had complied with the condition in the order of January 15, upon which the stay of proceedings in this action should cease.

Order at special term affirmed, with $10 costs.

---

* Present, Daly, F. J., Brady and Hilton, JJ.